[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 12-12398
Non-Argument Calendar
_____

D.C. Docket No. 1:10-cv-00084-CC


PATRICIA ATES-JACKSON,

                                                          Plaintiff-Appellant.


versus


VERIZON WIRELESS (VAW) LLC,
d.b.a. Verizon Wireless,
CELLCO PARTNERSHIP,
d.b.a. Verizon Wireless,

                                                          Defendants-Appellees.


_____

Appeal from the United States District Court
for the Northern District of Georgia
_____

(January 30, 2013)

Before CARNES, BARKETT and MARCUS, Circuit Judges.

PER CURIAM:

Patricia Ates-Jackson, a female, appeals the district court's grant of summary judgment to her employer as to her complaint alleging gender discrimination, raised pursuant to Title VII, 42 U.S.C. § 2000e-2(a)(1).    Ates-Jackson, who was fired allegedly for performance reasons, argues in her pro se brief that: (1) the magistrate erred in finding that she and a male employee James Hurst were not similarly situated; (2) the evidence supported a prima facie case of gender discrimination and provided a sufficient basis upon which a jury could reasonably find that her discharge was pretextual; and (3) the magistrate improperly construed the record evidence in her employer's favor in finding that she failed to demonstrate that her job responsibilities were more burdensome. After thorough review, we affirm.[1]

We review a district court's grant of summary judgment de novo, viewing all evidence and factual inferences in favor of the non-moving party. Rojas v. Florida, 285 F.3d 1339, 1341-42 (11th Cir. 2002). Pro se pleadings are construed liberally. Hughes v. Lott, 350 F.3d 1157, 1159-60 (11th Cir. 2003).

Summary judgment is appropriate when the moving party meets its burden of production, demonstrating that no genuine issue of any material fact exists, and

---

[1]    In addition, Patricia Ates-Jackson's motion for leave to proceed in forma pauperis is DENIED AS MOOT and her motion for appointment of counsel is DENIED.

the non-moving party fails to present evidence showing that a reasonable jury could find in its favor.  Shiver v. Chertoff, 549 F.3d 1342, 1343 (11th Cir. 2008). Speculation does not create a genuine issue of material fact.  Cordoba v. Dillard's, Inc., 419 F.3d 1169, 1181 (11th Cir. 2005).  Furthermore, bare and self-serving allegations when the plaintiff has no personal knowledge are inadequate to carry the plaintiff's burden on summary judgment.  Stewart v. Booker T. Washington Ins., 232 F.3d 844, 851 (11th Cir. 2000).

Under Title VII, it is unlawful for an employer to discharge any individual, or otherwise discriminate, on the basis of gender.  42 U.S.C. § 2000e-2(a)(1). Where a plaintiff's Title VII claim relies on circumstantial evidence, courts apply the framework set forth in McDonnell Douglas Corp. v. Green, 411 U.S. 792 (1973).  See Brooks v. Cnty. Comm'n of Jefferson Cnty., Ala., 446 F.3d 1160, 1162 (11th Cir. 2006).  Under McDonnell Douglas, a plaintiff may establish a prima facie case by showing that: (1) she is a member of a protected class; (2) she was subjected to an adverse employment action; (3) her employer treated similarly situated employees not of the protected class more favorably; and (4) she was qualified for the job at issue.  Rice-Lamar v. City of Ft. Lauderdale, Fla., 232 F.3d 836, 842-43 (11th Cir. 2000).

The plaintiff has the burden of showing that similarly situated employees were not treated equally.  Texas Dep't of Comty. Affairs v. Burdine, 450 U.S. 248,

3

258 (1981).  The plaintiff and the comparator must be "similarly situated 'in all relevant respects.'"  Wilson v. B/E Aerospace, Inc., 376 F.3d 1079, 1091 (11th Cir. 2004) (citing Holifield v. Reno, 115 F.3d 1555, 1562 (11th Cir. 1997)).

Under the McDonnell Douglas framework, if a plaintiff establishes a prima facie case of discrimination, the burden of production, but not persuasion, shifts to the defendant to proffer a legitimate, non-discriminatory reason for taking the challenged employment action.  St. Mary's Honor Ctr. v. Hicks, 509 U.S. 502, 506-07 (1993).  Once the defendant does so, the plaintiff must then demonstrate that the proffered reason was a pretext for discrimination.  E.E.O.C. v. Joe's Stone Crabs, Inc., 296 F.3d 1265, 1272-73 (11th Cir. 2002).

Here, the district court did not err in granting summary judgment to Ates-Jackson's employer.  As for her similarly-situated argument, Ates-Jackson and Hurst differed in several "relevant respects" and they were far from "nearly identical" for a number of reasons.  See Wilson, 376 F.3d at 1091.  First, Ates-Jackson admitted that she and Hurst differed when she testified that Verizon manager Eddie Gray compared her to Hurst when discussing her low performance, and she contended that she was not a Senior Engineer like Hurst and she did not have the same objectives as someone with the role of a Senior Engineer.  Second, the performance evaluations show the differences in Hurst's and Ates-Jackson's job responsibilities.  Specifically, his 2005 review highlights the importance of

4

leadership skills in his position and the need to take a leadership role in projects. Third, although both Ates-Jackson and Hurst both received two consecutive "developing" ratings, they were evaluated by different supervisors, and, further, the reasons that they received the ratings and their behavior after receiving the ratings also differed.

In addition, Although Ates-Jackson contends that Hurst failed to meet the requirements of his Performance Improvement Plan ("PIP"), nothing in his 2005 Performance Appraisal demonstrates this, nor is this shown to be the reason for his second "developing" rating. In fact, the only reference to the PIP in his 2005 Performance Appraisal was a note that he was required to complete a workshop, and that he completed it. The comments on Hurst's 2005 Performance Appraisal focus on the need to improve his leadership skills. On the other hand, Ates-Jackson's 2008 Performance Appraisal shows that she received a second "developing" review after being put on a PIP and failing to complete the three major projects that were a part of her PIP. Furthermore, contrary to Hurst's review, Ates-Jackson's evaluation indicates that she "continues to display lack of ability to complete her basic job functions." In short, based on all of these considerations, Hurst and Ates-Jackson were not similarly-situated individuals.

The district court also properly found that Ates-Jackson failed to demonstrate that her work was more burdensome than other Radio Frequency

5

("RF") Engineers.  First, because Hurst and David Taylor were both Senior Engineers (and Ates-Jackson was not), that limited their value as comparators. Ates-Jackson also provided other statements as to why her work was more burdensome but these statements were vague, including that her work involved "different type of switches," that you had to "indicate the difference," and that this "require[d] more time."  Finally, she admitted that she did not know the scope of the other RF Engineers' work, so even if her work required more time, their work might have been time-consuming in other ways.  Based on these considerations, the district court properly concluded that Ates-Jackson failed to demonstrate that her work was more burdensome, and therefore, it properly concluded she was not treated less favorably than similarly-situated individuals with respect to these issues.  Overall, the district court properly concluded that Ates-Jackson failed to establish a prima facie case of gender discrimination.

**AFFIRMED.**